TOWN OF DILLSBORO v. ALICE M. DILLS, WIDOW OF W. A. DILLS, BEULAH WEAVER AND HUSBAND, A. H. WEAVER, GERTRUDE McKEE AND HUSBAND, E. L. McKEE, MINNIE GRAY AND HUSBAND, B. E. GRAY, HEIRS AT LAW OF W. A. DILLS, DECEASED.

(Filed 25 June, 1927.)

**Municipal Corporations—Cities and Towns—Evidence—Admissions—Res Gestae.**

Admissions of members of a governing body of a town must be *pars res gestæ* in order to be properly received in evidence, and when they relate to matters that have occurred in the past they are inadmissible.

APPEAL from *Harwood, J.,* and a jury, at October Term, 1926, of JACKSON. New trial.

This is an action brought by plaintiff against the widow and heirs at law of W. A. Dills to restrain them from trespassing on certain land (describing it) in the town of Dillsboro (hauling rock and other material and placing same on the land for the purpose of erecting a building, etc.). Plaintiff claims that the land in controversy was dedicated to it by W. A. Dills, the husband of Alice M. Dills, defendant, and father of the other defendants. The plaintiff has been in open, actual, continuous, notorious and adverse and peaceable possession since 1885, some forty-one years. That W. A. Dills in his lifetime dedicated the land to plaintiff and plaintiff has been in adverse possession. The defendants denied the allegations made by plaintiff, and contended that the town of Dillsboro was not incorporated until 1889.

The issues submitted to the jury, and their answers thereto, were as follows:

"1. Did W. A. Dills dedicate to the town of Dillsboro the lot of land described in the complaint? Answer: No.

"2. Has the plaintiff, the town of Dillsboro, been in open, notorious, continuous and adverse possession for twenty years of the lot of land described in the complaint? Answer: No.

"3. Are the defendants in the unlawful, wrongful possession of the lot of land described in the complaint? No answer.

"4. What damages, if any, is the plaintiff entitled to recover? No answer."

The plaintiff made numerous exceptions and assignments of error and appealed to the Supreme Court.

*Sutton & Stillwell, T. D. Bryson and J. J. Hooker for plaintiff.*
*W. R. Sherrill and Alley & Alley for defendants.*

PER CURIAM. The plaintiff excepted and assigned error as to conversations had by Mrs. Alice M. Dills with certain members of plaintiff's board of aldermen. The nature of the evidence indicates admissions on the part of the aldermen that the plaintiff did not claim title to the property in dispute. Exception and assignment of error was also made to the testimony of John Leatherwood, a member of the board of aldermen, who corroborated Mrs. Dills.

From a thorough examination of the record it does not appear that these aldermen had authority to make the admissions.

The principle of law governing such matters is stated in Dillon on Municipal Corporations, Vol. I (5 ed.), sec. 435, as follows "The acts of the officers of municipal corporations in the line of their official duty, and within the scope of their authority, are binding upon the body they represent; and *declarations and admissions accompanying such acts as part of the res gestæ,* calculated to explain and unfold their character, and not narrative of past transactions, are competent evidence against the corporation. But if the declarations of the officers are not made as a part of the *res gestæ,* or at a time when they are engaged in the performance of their duties, they are not admissible in evidence against the municipality. If the statements or admissions relate merely to past transactions, they fall within the rule that they are not a part of the *res gestæ,* and are inadmissible."

For the reasons given there must be a
New trial.